IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CECELIA KIRKWOOD, | § § § § |
| Plaintiff, | § Civil Action No. § |
| v. | § § |
| CONSUMER CAPITAL ADVOCATES, LLC, | § Jury Trial Demanded § § |
| Defendant. | § § § |

# COMPLAINT

CECELIA KIRKWOOD ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CONSUMER CAPITAL ADVOCATES, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq.*, and § 302.101 of the Texas Business & Commercial Code.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. Supplemental jurisdiction for Plaintiff's related state law claims arises under 28 U.S.C. §1367.

4. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Texas and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Texas.

5. Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Fort Worth, Texas 76133.

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Defendant is a business entity with a principal place of business, head office, or otherwise valid mailing address at 3221 NW 10th Terrace, Suite 502, Oakland Park, Florida 33309.

9. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Plaintiff has a cellular telephone number.

12. Defendant called and text messaged Plaintiff on her cellular telephone number on a repetitive and continuous basis for solicitation purposes.

13. Defendant placed these calls and text messages using an automatic telephone dialing system.

14. Plaintiff knew Defendant's calls were placed from an automatic telephone dialing system because the calls began with an automated message and/or a pause before being connected to a live agent.

15. Plaintiff did not request information from Defendant and Defendant did not have consent to contact Plaintiff.

16. Defendant's calls and texts were not made for "emergency purposes."

17. Plaintiff has been on the Do Not Call Registry since August 20, 2014.

18. Defendant knew its calls and text messages were unwanted, therefore, all calls and texts could have only been made solely for purposes of harassment.

19. Defendant's incessant calls and texts were bothersome, disruptive, and frustrating for Plaintiff to endure.

20. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## **DEFENDANT VIOLATED THE TCPA 47 U.S.C. §227(b)**

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Federal Communications Commission (FCC) reasonably interpreted TCPA to prohibit any call, including both voice and text call, using automatic telephone dialing system (ATDS) or artificial or prerecorded message to any wireless telephone number, and thus, "call" within meaning of TCPA included text message to consumers' cellular telephones by publisher and mobile marketing firm to advertise publication of novel. Telephone Consumer Protection

Act of 1991, § 3(a), 47 U.S.C.A. § 227(b)(1)(A)(iii). 1.    <u>Satterfield v. Simon & Schuster, Inc</u>., 569 F.3d 946 (9th Cir. 2009).

24. Defendant initiated multiple calls and text messages to Plaintiff's telephone number using an automatic telephone dialing system.

25. The dialing system used by Defendant to call Plaintiff's cellular telephone calls telephone numbers without being prompted by human intervention before each call.

26. The dialing system used by Defendant to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

27. Defendant's calls and text messages to Plaintiff were not made for "emergency purposes."

28. Defendant's calls and text messages to Plaintiff were without Plaintiff's prior express consent.

29. Defendant contacted Plaintiff despite the fact that Plaintiff was on the Do Not Call Registry since August 20, 2014.

30. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

31. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

32. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. §227(c)

33. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

34. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered their telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

35. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since August 20, 2014.

36. Defendant called and text messaged Plaintiff on multiple occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

37. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

38. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

39. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

# COUNT III
# DEFENDANT VIOLATED § 302.101 OF
# THE TEXAS BUSINESS & COMMERCE CODE

40. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length therein.

41. Plaintiff received all calls and texts from Defendant in Texas and is entitled to other relief under Texas law.

42. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in Texas or to a purchaser located in Texas unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

43. Defendant violated §302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

44. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

WHEREFORE, Plaintiff, CECELIA KIRKWOOD, respectfully prays for judgment as follows:

    a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A) and §302.302 of the Texas Business and Commerce Code);

    b.    Statutory damages of $500.00 per violative text/call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c.    Additional statutory damages of $500.00 per violative text/call (as provided under 47 U.S.C. §227(c));

    d.    Treble damages of $1,500.00 per violative text/call (as provided under 47 U.S.C. § 227(b)(3));

    e.    Additional treble damages of $1,500.00 per text/call (as provided under 47 U.S.C. § 227(c);

    f.    Statutory damages of $5,000 per violation (as provided under §302.302(a) of the Texas Business & Commerce Code );

    g.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to. §302.302(a) of the Texas Business & Commerce Code;

    h.    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c)); and

    i.    Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CECELIA KIRKWOOD, demands a jury trial in this case.

                      Respectfully submitted,

Dated: 03/24/2021            By: */s/ Amy L. Bennecoff Ginsburg*
                                         Amy L. Bennecoff Ginsburg, Esq.
                                         Kimmel & Silverman, P.C.
                                         30 East Butler Pike
                                         Ambler, PA 19002
                                         Phone: (215) 540-8888
                                         Facsimile: (877) 788-2864
                                         Email: teamkimmel@creditlaw.com

PLAINTIFF'S COMPLAINT